IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reashee Lamar Thompson #334873, | ) | Case No.: 4:23-cv-2544-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| South Carolina Department of Corrections, | ) | |
| Lt S. Simon, officer, Lt. D. Hastie, officer | ) | |
| Lt B. Jeffcoat, Officer J. Ashford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 8.) Plaintiff Reashee Lamar Thompson, #334873, ("Plaintiff" or "Thompson"), proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 against Defendants South Carolina Department of Corrections, Lt S. Simon, officer, Lt. D. Hastie, officer, Lt B. Jeffcoat, and Officer J. Ashford, (collectively "Defendants"), alleging he was falsely accused of something he "did not do" stemming from events that occurred in March 2023. (DE 1.) As a result, Plaintiff claims he has suffered from loss of appetite, loss of family, fears for his life, and back and body pain. (DE 1, p. 7.)

The Report was issued on July 20, 2023, recommending that this action be summarily dismissed as duplicative.[2] (DE 8.) Plaintiff has not objected to the Report. In the absence of

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     Plaintiff's action, Thompson v. Ashford, No. 4:23-cv-2477-JD, was summarily dismissed, and the allegations there were concerning events in March 2023 and Plaintiff's repeated point of contention prison

objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds that there is no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 8) and incorporates it here.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice under § 1915(e) and § 1915A and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 6, 2023

---

officials were "taking another inmate's words over mine," which is not a violation of constitutional rights. (No. 4:23-cv-2477-JD, ECF Nos. 1, 1-4).  The factual allegations and any liberally construed claims were discussed thoroughly in the summary dismissal recommendation in No. 4:23-cv-2477-JD.  In that case, the Court gleaned, "Plaintiff alleges he was accused of an inmate assault, had a disciplinary hearing, the disciplinary charge was dismissed, and Plaintiff was placed three doors down from his false accuser despite voicing his preference, and the accuser verbally threatened him."  (DE 21 in the -2477 action.)  The instant action is duplicative of Case No. 4:23-cv-2477-JD and, therefore, frivolous.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.